UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00773-JLS-RAO                                               Date: March 12, 2026
Title:  Sawan Kumar v. Ernesto Santacruz Jr. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION (Doc. 3)**

Before the Court is a Motion for Preliminary Injunction filed by Petitioner Sawan Kumar.  (Mot., Doc. 3; Mem., Doc. 3-1.)  Respondents Ernesto Santacruz, Jr., Kristi Noem, Todd M. Lyons, Pamela Bondi, and Warden of the Desert View Annex Detention Facility opposed, and Petitioner replied.  (Opp., Doc. 9; Reply, Doc. 10.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for March 20, 2026 at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court GRANTS IN PART Petitioner's Motion.

**I.      BACKGROUND**

Petitioner Sawan Kumar is a citizen of India who is currently detained by Immigration and Customs Enforcement ("ICE") in Adelanto, California.  (Petition ¶¶ 1, 13, Doc. 1.)  Kumar entered the United States by crossing the border near Yuma, Arizona on October 6, 2022.  (*Id.* ¶ 14.)  He was arrested, placed in removal proceedings, and released by an Order of Release on Recognizance on October 11, 2022.  (*Id.* ¶¶ 14–15; *see* Order of Release on Recognizance, Doc. 1-3.)  Kumar has complied with the conditions of his release and has applied for asylum.  (Petition ¶¶ 15–16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00773-JLS-RAO                                                     Date: March 12, 2026
Title:  Sawan Kumar v. Ernesto Santacruz Jr. et al

On February 4, 2026, Kumar was apprehended by ICE and taken into custody. (*Id.* ¶ 17.)  To date, he remains detained and has not been afforded a bond hearing.  (*Id.* ¶ 12.)

On February 18, 2026, Kumar filed a Petition for a Writ of Habeas Corpus and the instant Motion for Preliminary Injunction.  (Petition; Mot.)

**II.    LEGAL STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy."  *Munaf v. Geren*, 553 U.S. 674, 676 (2008) (internal quotation marks omitted).  A district court should issue a preliminary injunction only "upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted).  "[T]he party seeking the injunction [] bear[s] the burden of demonstrating the various factors justifying preliminary injunctive relief . . . ."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 441 (1974).

To obtain a preliminary injunction, a movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  This "requires the plaintiff to make a showing on all four prongs."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a movant may obtain a preliminary injunction by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied."  *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00773-JLS-RAO                                Date: March 12, 2026
Title:  Sawan Kumar v. Ernesto Santacruz Jr. et al

when a preliminary injunction is sought against the government.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III.    ANALYSIS

Citing to *Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), Respondents concede that Kumar is entitled to an order for "a bond hearing to be held before an Immigration Judge under Section 1226(a)."  (Opp. at 2.)  In Reply, Kumar argues that a bond hearing will be insufficient because "[t]he problem is not merely the absence of a hearing—it is the prospect of prolonged detention with no defined endpoint" and requests an order requiring his immediate release.  (Reply at 2.)  However, Kumar has not demonstrated serious questions going to the merits of his claim that he is entitled to immediate release.  In particular, he has not shown at this stage that his detention is indefinite: he provides only that he has been detained since February 4, 2026, and that his removal proceedings are ongoing.  *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) ("It is true that Prieto-Romero's detention lacks a certain end date, but this uncertainty alone does not render his detention *indefinite*[.]").  The Court therefore DENIES Kumar's request for an order requiring his release.  Rather, because Kumar alternatively requests a bond hearing, and Respondents do not oppose, the Court GRANTS Kumar's request for an order requiring a bond hearing.

Kumar further requests that at the bond hearing, the government be required "to prove by clear and convincing evidence that Petitioner is either a present danger or serious flight risk."  (Reply at 3.)  However, Kumar provides no argument or authority showing that he is entitled to such a remedy, and Ninth Circuit caselaw suggests that he is not.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1997 (9th Cir. 2022) ("Under § 1226(a) [if] the detainee demonstrates by a preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." (citation omitted)).  The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00773-JLS-RAO                                     Date: March 12, 2026
Title:  Sawan Kumar v. Ernesto Santacruz Jr. et al

therefore DENIES Kumar's request regarding the burden of proof at the bond hearing.

IV.    **CONCLUSION**

For the above reasons, the Court GRANTS IN PART Petitioner's Motion and ORDERS as follows:

- Respondents are ENJOINED from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the issuance of this Order.
- The parties are ORDERED to file a joint status report regarding the outcome of Petitioner's bond hearing and the status of Petitioner's detention within **ten (10) days** of the issuance of this Order.
- Respondents are ENJOINED from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of this case.
- Proceedings on the merits of Petitioner's underlying Habeas Petition will continue before the Magistrate Judge.

Initials of Deputy Clerk: kd