UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 5:26-00773-JLS (RAO)                    Date:   March 24, 2026
Title:      *Sawan Kumar v. Ernesto Santacruz, Jr., et al.*


Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

|                Teagan Snyder                |                    N/A                    |
| :-----------------------------------------: | :---------------------------------------: |
|                Deputy Clerk                 |           Court Reporter / Recorder       |

Attorneys Present for Petitioner:              Attorneys Present for Respondents:

N/A                                            N/A

**Proceedings:**            (In Chambers) **ORDER TO SHOW CAUSE RE DISMISSAL**

Petitioner Sawan Kumar ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), against Ernesto Santacruz, Jr., Kristi Noem, Todd M. Lyons, Pamela Bondi, and Warden of the Desert View Annex Detention Facility (collectively, "Respondents") on February 18, 2026. Dkt. No. 1 ("Pet."). Petitioner sought a writ requiring that he be released from Respondents' custody. *See id.* The same date, Petitioner also filed a Motion for Preliminary Injunction seeking immediate release ("Motion"). Dkt. No. 3.

On February 27, 2026, Respondents filed their Opposition to the Motion. Dkt. No. 9. In light of *Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), Respondents conceded that Petitioner is entitled to an order for "a bond hearing to be held before an Immigration Judge under Section 1226(a)." *Id*. at 2. Petitioner filed his Reply on March 5, 2026, arguing that a bond hearing is insufficient because "[t]he problem is not merely the absence of a hearing—it is the prospect of prolonged detention with no defined endpoint" and requested an order requiring his immediate release. Dkt. No. 10 at 2.

On March 12, 2026, the Court granted in part Petitioner's Motion for Preliminary Injunction enjoining Respondents from continuing to detain Petitioner unless Petitioner is provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the order. Dkt. No. 11. However, the Court denied Petitioner's request for immediate release because Petitioner "has not shown at this stage that his detention is indefinite: he provides only that he has been detained since February 4, 2026, and that his removal proceedings are ongoing." *Id.* (citation omitted). The Court further ordered the parties to file a joint status report regarding the outcome of the bond hearing. *Id.*

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:  CV 5:26-00773-JLS (RAO)                  Date:  March 24, 2026

Title:      *Sawan Kumar v. Ernesto Santacruz, Jr., et al.*


On March 23, 2026, the parties filed a joint status report, indicating that Petitioner received a bond hearing on March 18, 2026.  *See* Dkt. No. 12; Dkt. No. 12-1.  Petitioner's bond was set at $30,000.  *Id.*  Respondents provided a copy of an order from the immigration judge showing Petitioner had received a bond hearing.  Dkt. No. 12-1.  In the joint status report, Petitioner argues that the Petition "remains live" because Petitioner has not been released.  See Dkt. No. 12 at 3–6.  Respondents contend that the Petition is moot in light of the Court's Order Granting in part Petitioner's Motion for Preliminary Injunction.  *See id.* at 6–7.

The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).  "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."  *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987).  Further, courts have an obligation to consider mootness sua sponte and should deny requested relief where it is superfluous.  *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005).

In light of the Court's Order Granting in part Petitioner's Motion for Preliminary Injunction, Petitioner is **ORDERED TO SHOW CAUSE** in writing no later than seven (7) days of the issuance of this order as to why the Court should not dismiss the Petition as moot.  Respondents may file a Response no later than seven (7) days of the filing of Petitioner's response to the OSC.  Petitioner may discharge this order by signing and returning a notice of dismissal within seven (7) days of the date of this order.

**IT IS SO ORDERED.**

                                                                                                    :
Initials of Preparer                    ts