**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

SAWAN KUMAR,
Petitioner,
v.
THOMAS GILES,[1] et al.,
Respondents.

Case No. 5:26-cv-00773-JLS-RAO

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**

On February 18, 2026, Sawan Kumar ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion for Preliminary Injunction. Pet. Writ Habeas Corpus ("Petition"), Dkt. No. 1; Mot. Prelim. Inj. ("Motion"), Dkt. No. 3. Petitioner's filings primarily submit that, without a mechanism for release, his continued detention violates the Fifth Amendment. *See* Petition ¶ 12; Motion 1.

On March 12, 2026, the Court granted a preliminary injunction in part and denied it in part. Order Granting Prelim. Inj. ("Prelim. Inj."),

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Thomas Giles, the ICE Los Angeles Field Director, is hereby substituted as Respondent.

Dkt. 11. To the extent Petitioner sought a bond hearing and to prevent Respondents from transporting or deporting him during the case, the Court granted it. Prelim. Inj. 4. To the extent Petitioner sought immediate release and declaratory relief, the Court denied that relief. Prelim. Inj. 3.

Following the injunction, the parties reported that Respondents provided Petitioner with a bond hearing and subsequently released him. Status Report 3, Dkt. No. 12; Pet'r's Resp. O.S.C. 2, Dkt. No. 14. In light of the bond hearing, the Court ordered Petitioner to show cause why it should not dismiss the case as moot. O.S.C. Dismissal, Dkt. No. 13. Petitioner contests mootness on a number of grounds. He asserts that the Court can still afford declaratory relief, that Respondents have imposed injurious monitoring conditions on his release, and that he should be protected from unlawful re-detention. Pet'r's Resp. O.S.C. 3–4. However, none of these assertions establish a live controversy.

A case becomes moot when it "no longer present[s] a case or controversy," thus preventing an Article III court from affording meaningful relief. *Abdala v. I.N.S.*, 488 F.3d 1061, 1063 (2007) (alteration in original). For a habeas petition to remain a live controversy after a detainee has been released, the detainee must point to some remaining "collateral consequence" that a court can redress by granting the petition. *See id.* at 1064 (citation omitted). Otherwise, the petition is "fully resolved" and the court has no jurisdiction to hear the case. *Id.* at 1065.

//

//

Here, the Petition is fully resolved. To the extent Petitioner sought a bond hearing, he received one. *See* Petition ¶ 12; Prelim. Inj. 3–4; Status Report 4; *see also Mejia v. Semaia*, No. 5:25-cv-01987-SPG-AGR, 2025 WL 2633165, at *2 (C.D. Cal. Aug. 21, 2025) (finding case moot and observing that petitioner "received a bond hearing . . . , and thus he has received the relief requested").

To the extent Petitioner sought immediate release and declaratory judgment, relief was denied. Prelim. Inj. 3. In denying this relief, the Court noted that Petitioner "has not demonstrated serious questions going to the merits of his claim." Prelim. Inj. 3. To be sure, new facts have arisen: Respondents have conditioned Petitioner's release on monitoring that did not preexist his detention. Pet'r's Resp. O.S.C. 3. Still, those conditions do not warrant revisiting the Court's assessment that custody was lawful so long as Petitioner received a bond hearing.

Lastly, Petitioner's concern regarding unlawful re-detention is belied by his own assertions. Petitioner agreed in the status report that "Respondents have complied with the Court's Order," and soon after, he reported that Respondents released him from detention. Status Report 3; Pet'r's Resp. O.S.C. 2. Thus, the worry that Respondents might re-engage in unlawful conduct appears to be "speculative and hypothetical." *See Hernandez Trujillo v. Janecka*, No. ED CV 25-3002 FMO (SSC), 2026 WL 84314, at *1 (C.D. Cal. Jan. 12, 2026) (quoting *Alam v. Carter*, 843 F. App'x 953, 954 (9th Cir. 2021)). If Respondents do unlawfully attempt to re-detain Petitioner, he can seek relief at that time.

//

Accordingly, the Petition is denied as moot and this action is dismissed without prejudice.

DATED: November 17, 2026

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE